MERCY A. H. DANFORTH *vs.* CITY OF BANGOR.

Penobscot.　Opinion May 8, 1893.

*Deed. Way. Dedication. Damages. Deposition.*

When the owner of land divides it into lots, designated by numbers, upon certain streets or ways, represented upon a plan of the lots of the land, made at the time, and conveys to third parties lots by number, bounded by such streets so represented upon the plan, referring to the plan in the description of the lots as a part of such description, the land so designated as streets or ways becomes dedicated to the use of the purchasers and the public; and such dedication is irrevocable and binding upon the proprietor of the land and his grantees, until it is proved by the subsequent acts of the owners that such dedication is extinguished.

The rule in this State is that where a plan is referred to as a part of the description of a lot of land, it becomes binding upon the parties as to the boundaries of the land, and what there is upon the plan affecting the location of the premises conveyed; and is admissible against the grantee and any person taking the title under him, without proof of its record.

The plaintiff, a grantee under a title as above stated, claimed damages for land taken by the defendant for the extension of certain streets delineated upon said plan. At the points involved the streets had not been opened to the public when the grantee received his deed. *Held;* That the plaintiff is not entitled to damages for the land so taken.

Notice to take a deposition *in perpetuam,* under R. S., c. 107, § 22, is not sufficient, if served on the husband, when the wife being the owner of the subject or premises to which the testimony relates is not named in the statement or duly notified, although the husband appeared at the time of taking the deposition and put interrogatories to the deponent.

ON REPORT.

The facts appear in the opinion.

*A. W. Paine*, for plaintiff.

Deposition of Coombs not admissible. *Simpson* v. *Dix*, 131 Mass. 179, 185; *Simpson* v. *Carleton*, 1 Allen, 109, and cases. Plan annexed is at best only a copy of a copy enlarged. Plan must be recorded. *Murdock* v. *Chapman*, 9 Gray, 156; *Farnsworth* v. *Taylor*, *Ib.* 162; *Rogers* v. *Parker*, *Ib.* 445, and cases cited; *Taylor* v. *Millard*, 118 N. Y. 244, 251. Dedication must be of such character as would bind purchasers by some kind of notice, a record or on face of the earth. Here no writing recorded affecting the *locus. R. R.* v. *Briggs*, 132 Mass. 24. There must be an acceptance of the dedication by the public (*State* v. *Wilson*, 42 Maine, 9,) within a reasonable time. Abandonment: *Corning* v. *Gould*, 16 Wend. 531; *Derby* v. *Alling*, 40 Conn. 410; 3 Kent Com. 3d Ed. pp. 444-5, and cases; Wash. Ease. 3d Ed. 661, *et seq.* Adverse use and the sewer deed, taken by city, of right to cross the *locus*, negative city's present claim.

*H. L. Mitchell*, City Solicitor, for defendant.

Plaintiff's deed, a quit claim only, is made subject to the public rights of passage-way over Somerset and Date streets and Jefferson Lane, as laid down on the plan. Hence her grantor affirms the dedication to the city and cannot deny that sufficient notice of it was given. *Cincinnati* v. *White*, 6 Peters, 431. Counsel also cited: 2 Dillon Mun. Corp. § 640, and cases; *Morgan* v. *R. R.* 96 U. S. 743.

LIBBEY, J. An appeal from the action of the city council of Bangor in awarding damage to the plaintiff for land which she claims was owned by her, taken for the extension of Date and Somerset streets, on the first day of October, 1889. They appraised the damage to the plaintiff for the land taken at the nominal sum of one dollar, on the ground, as the city claims, that the land taken had been dedicated to the public use by Philip Coombs, who was the owner, in 1835. And the contention between the parties is, whether there was such dedication to the public use as authorized the city to open the streets as it did in 1889, without the payment of the actual damage for the land taken. It is admitted by the counsel for the plaintiff that,

if there was such dedication by the owner in 1835 which would bind him and his grantees, the plaintiff's claim for damages is not maintainable.

On the 26th of March, 1835, Philip Coombs and three others who had acquired some interest in the premises, conveyed a portion of the lands which they owned in the immediate vicinity, to the city of Bangor, by the following description: "In consideration of one dollar to us paid, and also in consideration and upon condition that the parcel or tract of land herein intended to be conveyed to the corporation of the city of Bangor shall be inclosed as a Common and be kept by said city unintersected by roads, for the proper use of the public forever, have granted, bargained, sold, released and conveyed," . . . "unto the said corporation of the city of Bangor, and their successors, the piece of land in the several portions held by us respectively, called the City Common, according to a plan of the premises, drawn by Charles G. Bryant, marked 'A,' to be recorded, and which is embraced within the following boundaries, viz: Cumberland street on the north, Somerset street on the south, Date street on the east, and Lime street on the west."

The validity of this conveyance for the use named was before this court in *Bangor* v. *Henry Warren*, reported in Maine Reports, Vol. 34, page 324, in which the court held that the conveyance was valid and had been duly accepted by the city. Henry Warren in that litigation claimed to have acquired the title to the whole of the Common and the premises surrounding it, by virtue of a levy against Philip Coombs; and upon that claim a contention between the parties arose and was determined. It is claimed that the plan by Bryant referred to in the deed not only embraces the land conveyed to the city but a large portion of lands surrounding the Common in different directions, and that upon that plan, streets and lanes for public use were marked and the lands divided into lots bounded upon one side by the streets, and designated by numbers.

The first question discussed arises upon the admissibility of the deposition of William Coombs, taken *in perpetuam*. With that deposition what is alleged to be a copy of the Bryant plan

is pro duced. It is claimed by the counsel for the plaintiff that
the deposition is not admissible, because no notice was given to
Mrs. Danforth of the time and place of taking it and the purpose
for which it was to be taken. The notice was served upon
Enoch C. Danforth, plaintiff's husband, and he appeared before
the magistrate when the deposition was taken and participated
in taking it. It is claimed on the part of the city that in equity
the land was the property of the husband and that he was the
party in interest. It appears in the evidence and is not contro-
verted that he bought the land and paid a part of the considera-
tion and had the title conveyed to his wife. But, we think
that is not sufficient to show that the wife was not interested in
the taking of the deposition under the statute. The presump-
tion is, in the absence of proof to the contrary, that the husband
gave to the wife the land at the time it was purchased ; and she
certainly has the legal right to claim damages from the city for
taking it. We are of opinion that the deposition is not admis-
sible against her, because she was not notified.

That excludes from this case the evidence offered by the city
to prove the plan and its contents. But, we think there is
enough in the case to prove the contents of the plan independent
of this deposition. Henry Warren took the title of Coombs by
levy July 4, 1842. The attachment on the original writ was
made October 12, 1837. Asa Warren, the plaintiff's grantor,
took his title from Henry Warren, December 11, 1849. The
plaintiff took her title from Asa Warren, December 7, 1885.
Asa Warren was called by her counsel as a witness. He is a
brother of Henry Warren, now deceased ; and on cross-examina-
tion, with reference to the original plan he testified as follows :
" The original plan was suppressed. My brother had what was
represented to be the plan. My brother could not get the
original C. G. Bryant plan. He says the reason it was suppressed
is because it was false, and he took the ground that it was
suppressed — but he got somebody to make a copy of it, and I
have that copy now. The copy will not vary much from the
plan we have here ; [the one testified to by Coombs in his
deposition.] All the time I owned the land and when I deeded

the lots I recognized Jefferson Lane as dedicated, and I intended that every lot owner should have a chance to go around them if he wished.  I knew there was this claim, and I gave a release deed of whatever there was."

It is admitted " that after the deed of the City Common was made to the city, the several lots around the Common were conveyed by the proprietors to the different purchasers by description of number according to the plan of the City Common by C. G. Bryant, not, however, including the *locus*, and that as these lots have afterwards been sold, the same description has been uniformly adopted down to the present time."

The plaintiff's lot as shown by the plan was bounded on one side by Date street and on another by Somerset street.  The description in her deed from Asa Warren is as follows :

" Beginning at the east side of Date street at the dividing line of lots Nos. 1 and 2, Jefferson Row, as laid down on a plan of the City Common, made by C. G. Bryant, thence running easterly on said dividing line one hundred feet through to the east line of Jefferson Lane ; thence southerly on the east line of said lane straight to Wingate's land ; thence westerly on said Wingate land and Bowler's land to Francis Casey's south-east corner ; thence northerly on said Casey's land to Somerset street ; thence easterly on said Somerset street to the easterly line of Date street ; thence northerly on the easterly line of Date street, to place of beginning, together with all my right, title and interest in Date and Somerset street adjoining said premises. "

We think the testimony of Asa Warren sufficiently proves the existence of the Bryant plan, and that the copy produced at the trial is in substance a copy of that plan ; and the existence of that plan is not only recognized by the conveyances of the surrounding lots to others, but also by the plaintiff's deed. Referring to the plan it appears that Date street, referred to as one of the boundaries of the City Common, is extended north to the northern limit of the land of the proprietors and south to the southern limit ; and that Somerset street is extended east and west to the east and west lines of the proprietors' lands ; and that the lands along said streets are divided into lots desig-

nated by numbers and bounded on one side by the street, bringing the case so far as dedication is involved, directly within the authority of *Stetson* v. *City of Bangor*, 60 Maine, 313 ; *Bartlett* v. *Bangor*, 67 Maine, 460 ; and *Stetson* v. *Bangor*, 73 Maine, 357.

It is contended, however, by the counsel for the plaintiff that she is not bound by what appears upon the Bryant plan, because it was not recorded ; and authorities are cited from some of the states, holding that a plan referred to in a deed does not become a part of the deed by which subsequent purchasers are bound unless it is spread upon the record. No case is found in this State holding such to be the rule, and the practice has been uniformly, we think, the other way. Where the plan is referred to in a deed our doctrine is, that as to the boundaries of the land and what there is upon the plan affecting the location of the premises conveyed, it is sufficient to prove the plan and its contents ; and especially, should this rule be applied to the plaintiff's deed, because the plan is referred to in a description of her land, and the existence of the streets and Jefferson Lane upon it are made boundaries of her land. She is chargeable with full notice of the contents of the plan. So, we think it clear that the land upon the plan embraced in Date street and Somerset street is dedicated to the use of the purchasers of the lots upon the plan and the public, although not opened for public use as streets by the city at the time ; and is subject to be taken by the city and opened as streets and ways at any time without the payment to those claiming the land as embraced in the deeds, more than nominal damages, if any at all. *Stetson* v. *Bangor* ; *Bartlett* v. *Bangor* ; and *Stetson* v. *Bangor*, *supra.*

If the plaintiff has entered upon the land embraced in those streets upon the Bryant plan in erecting her buildings, it was her own folly or mistake, and she cannot require the city to pay her the expense that she may have to incur for their removal. The doctrine is too well established in this State that a dedication of the land in a case like this is irrevocable and binding upon the owners of the land at the time and their subsequent grantees, unless it is proved that by the subsequent acts of the parties interested the effect of the dedication is extinguished.

There is nothing in the proof in this case which authorizes the court to find that the rights acquired by the dedication have been in any way impaired by adverse use of the land embraced in the streets by the plaintiff or her grantor.

*Appeal dismissed.*

PETERS, C. J., EMERY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.